IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD KEMPER,                        )<br>                                       )<br>            Plaintiff,                )<br>                                       )<br>     v.                                )<br>                                       )<br>SACRAMENTO RADIOLOGY MEDICAL           )<br>GROUP, a California corporation,       )<br>d/b/a ADVANCED IMAGING CENTER OF       )<br>CARMICHAEL,                            )<br>                                       )<br>            Defendant.                 )<br>_____) | 2:06-cv-585-GEB-DAD<br><br><br>ORDER[*] |

Defendant moves for summary judgment on all of Plaintiff's federal and state disability law claims.[1] Plaintiff is a qualified individual with a disability under the ADA. (Def.'s Opp'n at 2; Compl. ¶ 3.) Defendant is an imaging center that performs diagnostic

---

[*]    This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1]    Specifically, Plaintiff alleges Defendant violated the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12181, *et seq.*); section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§ 70, *et seq.*); the California Disabled Persons Act (Cal. Civ. Code §§ 54, *et seq.*); and the Unruh Civil Rights Act (Cal. Civ. Code §§ 51, *et seq.*). (SUF ¶ 1; Compl. ¶¶ 8, 23-36.)

1

1  imaging services, such as cat-scans.  (Def.'s Statement of Undisputed
2  Facts ("SUF") ¶ 33.)  Defendant filed its motion and supporting
3  declarations on May 18, 2007, in which it explains that "[a]t this
4  point in time the facility is fully compliant with the [ADA]
5  Accessibility Guidelines [("ADAAG")] per Plaintiff's allegations in
6  his Complaint" and that therefore Plaintiff's "ADA and Rehabilitation
7  Act claims are moot" and the court should decline supplemental
8  jurisdiction over Plaintiff's state law claims.  (Pl.'s Mot. at 2.)
9        Plaintiff cross-moves for summary judgment on his Unruh
10 Civil Rights Act claim and responds to Defendant's summary judgment
11 motion by requesting a continuance of said motion under Federal Rule
12 of Civil Procedure ("Rule") 56(f).

DISCUSSION

I. Plaintiff's Cross-Motion for Summary Judgment and Request for a Continuance

        Plaintiff did not file a statement of undisputed facts with his motion as required by Local Rule 56-260; therefore, Plaintiff's cross-motion for summary judgment is stricken.  See L.R. 56-260(a) ("Each motion for summary judgment . . . shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon to establish that fact."); see also Engrahm v. County of Colusa, 2005 WL 3440025, at *1 (E.D. Cal. Dec. 14, 2005) (stating that "failure to comply with Local Rule 56-260(a) is an appropriate basis for denying a motion for summary judgment.")

2

Plaintiff argues that Defendant's summary judgment motion should be continued "under Rule 56(f) [so that Plaintiff could undertake an] additional site inspection of [] Defendant's facility in order to determine [whether Defendant is in fact in compliance with Plaintiff's allegations]." (Def.'s Opp'n at 1.) In particular, Plaintiff requests a court "order granting his request for an additional site inspection . . . within 14 days from the hearing date on Defendant's motion." (Id. at 14.) Such a request would require an amendment of the August 9, 2007 discovery completion date prescribed in the Rule 16 Scheduling Order.

But Plaintiff has not shown why he did not conduct a second site inspection earlier, or why he did not serve a request on Defendant for inspection of its facility under Rule 34 shortly after May 18, 2007, when Plaintiff was served with Defendant's motion for summary judgment. Further, "[i]n considering [a request to allow further discovery under Rule 56(f)], the stage of the litigation is an important consideration. For example, if the movant has failed [to] diligently [] pursue discovery in the past, the court has discretion to deny the Rule 56(f) application." In re Deep Vein Thrombosis Litig., 2007 WL 2029326, at *12 (N.D. Cal. July 10, 2007) (citing Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 2006)). Since Plaintiff has not specifically requested a modification of the Scheduling Order, nor shown good cause for such a modification, the August 9, 2007 discovery completion date is not modified and Plaintiff's request for the court to order an additional site inspection is denied.

II. Defendant's Motion

Defendant contends that since its facility is fully compliant with the ADAAG, Plaintiff's ADA and Rehabilitation Act claims are moot and therefore the court should decline to continue exercising supplemental jurisdiction over Plaintiff's state law claims. (Pl.'s Mot. at 2.) Plaintiff counters that his ADA and Rehabilitation Act claims are not moot because Defendant has failed to properly remedy all of the access barriers and violations alleged in his complaint. (Def.'s Opp'n at 7.)

"Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte." Access 4 All, Inc. v. Casa Marina Owner, LLC, 458 F. Supp. 2d 1359 (S.D. Fla. 2006) (citing Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989)). "A claim is moot if it has lost its character as a 'present, live controversy.'" Id. (quoting United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir. 1984)). "If an ADA 'plaintiff [has] already . . . received everything to which [he] would be entitled,' i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that plaintiff will again be subjected to the same wrongful conduct by this defendant." Id. (quoting Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065 (D. Haw. 2000)). Therefore, the court will reach the issue of whether Defendant is fully compliant with the alleged violations of the ADAAG (as stated in Plaintiff's complaint).

A. Allegations and Compliance

i. Inaccessible Paths of Travel and Waiting Area

Defendant declares that all alleged violations Plaintiff asserts concerning inaccessible paths of travel and waiting area have

4

been fixed or are otherwise in compliance with the ADAAG. (SUF ¶¶ 6, 7, 13.) Plaintiff counters that Defendant has not provided sufficient proof of compliance and that he needs to conduct a second site inspection. (Pl.'s Response to Def.'s SUF ("Pl.'s Opp'n to SUF") at 2, 3, 4.) This conclusory statement is insufficient for Plaintiff to meet his obligation under Rule 56(e); specifically, Plaintiff was required to set forth specific facts showing there is a genuine issue for trial. T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

Further, Plaintiff responds to Defendant's averments of compliance with the ADAAG by *generally* referencing the expert report of John Lonberg, Plaintiff's expert. (See Pl.'s Opp'n to SUF at 3.) However, since Plaintiff does not cite to any particular portion of Mr. Lonberg's report, Plaintiff's reference to Mr. Lonberg's report will not be considered. See L.R. 56-260(b) ("Any party opposing a motion for summary judgment . . . *shall* reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial *a citation to the particular portions* of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial.") (emphasis added). Accordingly, Defendant's motion for summary judgment is granted on Plaintiff's allegations concerning inaccessible paths of travel and the waiting area.

### ii. Restroom

Plaintiff alleges that "[t]he restroom door requires over [five] pounds of pressure to operate." (Compl. ¶ 8D.) Defendant avers that "[t]he door does not take more than five pounds of pressure

5

to open." (SUF ¶ 17.) Plaintiff replies by making only a general reference to Mr. Lonberg report, without specifying any particular portion of the document. (Pl.'s Opp'n to SUF at 4.) This nonspecific response is insufficient to withstand summary judgment.[2]

Plaintiff also alleges that "[t]he restroom door is hidden behind the dressing room entrance door so that when Plaintiff tries to access the restroom, he will be hit if someone enters the dressing room." (Compl. ¶ 8D.) Defendant counters, averring that "[c]urrently, there is no such dressing room door." (SUF ¶ 15.) Further, Plaintiff alleges that the restroom door "has no automatic door closure." (Compl. ¶ 8D.) Defendant counters, averring that "an automatic door closer has been installed[,]" "[t]he restroom door has the compliant amount of clear space, which means that a person in a wheelchair can fully maneuver around and shut the door[,]" and the restroom "is fully compliant with all accessibility codes." (SUF ¶ 19.) Finally, Plaintiff alleges that the restroom "door has a grasp-and-twist door lock [and] [t]he latch side clearance is 16.5 inches." (Compl. ¶ 8D.) Defendant avers that "[a]t this time, the door has a compliant lock" and "[t]he latch side clearance is currently 18 inches, which is compliant." (SUF ¶¶ 21, 23.) Plaintiff rejoins that Defendant has not provided sufficient proof of compliance and that he needs to conduct a second site inspection. (Pl.'s Opp'n to SUF at 4, 5.)

---

[2] Nonetheless, even assuming *arguendo* that the court were to consider the expert report, Defendant still prevails on this allegation since Mr. Lonberg's report does not make any averment regarding the restroom door. (See Expert Report of John Lonberg in Supp. of Def.'s Opp'n.)

1    Plaintiff's general references to Mr. Lonberg's report and
2 conclusory statements do not satisfy his burden under Rule 56(e).  See
3 T.W. Elec. Serv., 809 F.2d at 630.  Therefore, Defendant's motion for
4 summary judgment is granted on Plaintiff's allegations concerning the
5 restroom.
6              iii. Parking
7    Plaintiff alleges that "[t]here are an insufficient number
8 of handicapped parking spaces and van accessible spaces."
9 (Compl. ¶ 8B.)  Defendant avers that the lot has a capacity of
10 approximately 50 cars, that it has five fully accessible parking
11 spaces, and is therefore in compliance with the accessibility code
12 which requires that ten percent of the parking spaces be accessible.
13 (SUF ¶¶ 9, 10; see ADAAG § 4.1.2(5)(d)(i).)  Plaintiff counters,
14 referencing Mr. Lonberg's declaration where he states that during his
15 site evaluation, he "inspected the parking lot and documented
16 approximately 89 total parking spaces" and that "[t]he parking lot was
17 uninterrupted and unsegregated."  (John Lonberg Decl. in Supp. of
18 Pl.'s Opp'n ("Lonberg Decl.") ¶ 3.)  Defendant, however, presents the
19 declaration of Bill Johnston, Defendant's recently retired Chief
20 Operating Officer ("COO"), in which Mr. Johnston declares that "[a]s
21 COO, I am readily familiar with [Defendant's] property boundaries.
22 [Defendant]'s parking lot is shared with a medical facility that has
23 no affiliation with [Defendant].  The parking lot on [Defendant's]
24 property has 50 parking spaces.  The other parking spaces are on the
25 other facility's property."  (Bill Johnston Decl. in Supp. of Def.'s
26 Reply ("Johnston Decl.") ¶¶ 1, 2 .)  Accordingly, Defendant has
27 "demonstrated the absence of any genuine issue of material fact"
28 concerning the number of parking spaces in its lot and Plaintiff has

failed to counter with specific facts showing there is a genuine issue for trial.  T.W. Elec. Serv., 809 F.2d at 630.

Plaintiff also alleges that the parking spaces are not located close enough to the hospital entrance.  (Compl. ¶ 8B.) Plaintiff's expert, Mr. Lonberg, declares that "[t]hree of the five designated accessible parking spaces are not located on the shortest accessible route to the [f]acility entrance in violation of ADAAG § 4.6.2."  (Lonberg Decl. ¶ 5.)  In response, Defendant's witness, Kim Blackseth, a consultant and expert on disabled access issues, declares that "[t]wo of [D]efendant's accessible parking spaces are located nearest the entrance, however the other three parking spaces are located nearby, in the next closest feasible locations to the entrance."  (Kim Blackseth Decl. in Supp. of Def.'s Reply ("Blackseth Decl.") ¶ 9.)  Further, Defendant argues that "due to physical restraints and ADA requirements, three more spaces in front of the entrance is not feasible because there is no sidewalk, there are major electrical units servicing the diagnostic imaging center, a water access hole, and fencing."  (Reply at 8.)  In support of this argument, Defendant filed photographs which show the landscaped area where the cars park and the aforementioned physical constraints.  (Zachary Best Decl. in Supp. of Def.'s Reply ("Best Decl."); see also Johnston Decl. ¶ 4.)  Finally, Ms. Blackseth further declares that "[a]ll five accessible spaces could not be located in front of the entrance because this would violate [the relevant California regulation], which requires that parking be arranged such that persons are not compelled to wheel or walk behind parked cars other than their own."  (Blackseth Decl. ¶ 10.)  Since ADAAG § 4.6.2 only requires that the accessible spaces are located on the shortest *possible* route to

the entrance, Plaintiff has failed to demonstrate facts supporting his opposition to Defendant's motion on this issue.[3]  ADAAG § 4.6.2; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Plaintiff also alleges that a curb ramp was located on the access aisle in the parking lot.  (Compl. ¶ 8B.)  Defendant avers that "[c]urrently there is a compliant curb-ramp that is not located in the access aisle."  (SUF ¶ 10.)  Plaintiff counters by citing to portions of his own and Mr. Lonberg's declarations.  (Pl.'s Opp'n to SUF at 3.)  However, both declarations are silent as to whether there is a compliant curb-ramp located in the access aisle.  (See Lonberg Decl. ¶ 5; Edward L. Kemper Decl. in Supp. of Pl.'s Opp'n ("Kemper Decl.").)

Finally, Plaintiff alleges that the parking lot has the incorrect signage.  (Compl. ¶ 8B.)  Defendant avers that it "has the proper signage posted in its lot."  (SUF ¶ 11.)  Plaintiff counters that Defendant has not provided sufficient proof of compliance and that it needs to conduct a second site inspection.  (Pl.'s Opp'n to SUF at 3.)

Plaintiff's conclusory statements are not sufficient to meet his burden under Rule 56(e).  See T.W. Elec. Serv., 809 F.2d at 630.

---

[3] Plaintiff also alleges that Defendant violated California law because its parking spaces have the incorrect dimensions and because the designated accessible parking spaces require wheelchair users to traverse behind parked cars.  (Compl. ¶ 8B; Opp'n at 8 ("*Although not part of [Plaintiff's] federal claims*, Mr. Lonberg [] noted several violations of [] California disability law [including] designated accessible parking spaces that lack a front path of travel and require wheelchair users to traverse behind parked cars [and the] California requirement of providing nine foot wide parking stalls . . . .") (emphasis added).  Since the federal claims are moot and the court will decline to continue exercising supplemental jurisdiction over Plaintiff's state law claims, these issues need not be reached.

1  Accordingly, Defendant's motion for summary judgment concerning
2  Plaintiff's parking allegations is granted.

### iv. X-Ray Tables and Equipment

4  Plaintiff alleges that he "had to transfer from his
5  wheelchair to an x-ray table, and this proved difficult due to the
6  excessive height of the table." (Compl. ¶ 8E.)  Defendant avers that
7  "[t]he staff helps those who have difficulty transferring onto the x-
8  ray table." (SUF ¶ 25.)  Defendant also argues that there are no
9  accessibility codes that govern x-ray tables. (Mot. at 6.)  Plaintiff
10 concedes this, but argues that he can prevail on his ADA claim if
11 Defendant's facility has a policy of discrimination and references a
12 Department of Justice ("DOJ") advisory opinion regarding exam tables.
13 (Opp'n at 9.)

14 However, Plaintiff has neither shown that Defendant has a
15 policy of discrimination nor how the DOJ advisory opinion, which
16 concerns exam tables and not x-ray tables, applies. (See Opp'n at 9
17 ("The DOJ issued an advisory opinion regarding *exam tables*.")
18 (emphasis added); see also www.usdoj.gov/crt/foia/tal842.html.)
19 Accordingly, Defendant's motion for summary judgment on Plaintiff's
20 alleged violation of disability law concerning the x-ray table is
21 granted.

### v. Miscellaneous

23 Defendant avers that "[t]he slope of the side exit is now
24 compliant with [the relevant accessibility codes] [and] [c]ompliant
25 handrails are present[;]" that "[t]he doors to the main entrance and
26 patio are now compliant with [the relevant accessibility codes;]" and
27 that "Plaintiff's expert alleged that there was an insufficient amount
28 of latch side clear space next to the patio door, due to a plotted

1  plant that was encroaching into clear space [but that the] plotted
2  plant is no longer located in the clear space, [so] therefore, this
3  item is compliant with [the relevant accessibility codes]." (SUF
4  ¶¶ 26, 27, 28.)  Defendant also avers that the height of its front
5  counter is now compliant with [the relevant accessibility codes] and
6  that service counters do not require knee clearances."  (Id. ¶ 29.)
7  Plaintiff responds that Defendant has not provided sufficient proof of
8  compliance and, regarding the knee clearance issue, Plaintiff makes
9  only a general reference to Mr. Lonberg's report.  (Pl.'s Opp'n to SUF
10 at 6.)

11       Defendant also avers that Plaintiff's "expert alleges that
12 the coat hook in the men's bathroom is too high [but it] is now
13 compliant with the [relevant accessibility codes;]" and that
14 "Plaintiff's expert alleges that the changing room doors swing into
15 the changing room [but that the] men's changing room is now fitted
16 with curtains instead of a door."  (SUF ¶¶ 31, 32.)  Plaintiff
17 counters that Defendant has not provided sufficient proof of
18 compliance.  (Pl.'s Opp'n to SUF at 7.)

19       Finally, Defendant avers that it has one "water cooler
20 [that] meet[s] the requirement for water coolers found in [the
21 relevant regulation]."  (SUF ¶ 30).  Plaintiff counters with the
22 conclusory statement that "Chapter 4.15 of the ADAAG manual addresses
23 and suggests water accessibility for one water cooler or drinking
24 fountain" and that "providing one water cooler that only able bodied
25 people can use constitutes discrimination" without citing to a
26 particular regulation that Defendant has violated or showing how
27 Defendant is discriminating against Plaintiff.  (Pl.'s Opp'n to SUF at
28 7.)

1  Plaintiff's conclusory statements in response to Defendant's
2 averments are not sufficient to meet his burden under Rule 56(e).  See
3 T.W. Elec. Serv., 809 F.2d at 630.  For the reasons stated, summary
4 judgment is granted to Defendant on Plaintiff's miscellaneous
5 disability law claims.
6       B. Supplemental Jurisdiction
7       Since all federal claims have been resolved on summary
8 judgment, the court will reach the discretionary decision of whether
9 it should continue to exercise supplemental jurisdiction over
10 Plaintiff's remaining state claims.  This decision is made under 28
11 U.S.C. § 1367(c)(3), and "is informed by the [United Mine Workers v.
12 Gibbs, 383 U.S. 715 (1966),] values of economy, convenience, fairness,
13 and comity."  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th
14 Cir. 1997) (en banc) (internal quotation marks omitted).  "In the
15 usual case in which all federal-law claims are eliminated . . . , the
16 balance of [these] factors . . . will point toward declining to
17 exercise jurisdiction over the remaining state-law claims."  Carnegie-
18 Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Wade v.
19 Reg'l Credit Ass'n, 87 F.3d 1098, 1101 (9th Cir. 1996).  The Gibbs
20 values of comity and fairness do not weigh in favor of the federal
21 court deciding Plaintiff's state disability and damage claims.
22 Accordingly, the court declines to continue exercising supplemental
23 jurisdiction over Plaintiff's remaining state law claims and therefore
24 these are dismissed under 28 U.S.C. § 1367(c)(3).
25                            CONCLUSION
26       For the reasons stated, Plaintiff's cross-motion for partial
27 summary judgment is stricken and his request for a continuance under
28 Rule 56(f) is denied; Defendant's summary judgment motion on

Plaintiff's federal disability law claims is granted; and Plaintiff's remaining state law claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3) as of the date on which this Order is filed.  The Clerk of the Court is ordered to enter judgment in favor of Defendant on the federal claims.

    IT IS SO ORDERED.


Dated:  August 28, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge