1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDWARD L. KEMPER,                )
                                      )        2:06-cv-585-GEB-DAD
12                  Plaintiff,        )
                                      )
13        v.                          )        ORDER*
                                      )
14   SACRAMENTO RADIOLOGY MEDICAL      )
     GROUP, INC., dba ADVANCED IMAGING )
15   CENTER OF CARMICHAEL,            )
                                      )
16                  Defendant.        )
                                      )
17   ─────────────────────────────────)

18        Pending is Defendant's motion for attorney's fees and/or

19   sanctions.  Judgment was entered in favor of Defendant on August 29,

20   2007, after Defendant's motion for summary judgment was granted on

21   Plaintiff's federal claims and Plaintiff's state law claims were

22   dismissed under 28 U.S.C. § 1367(c)(3).  Plaintiff opposes Defendant's

23   motion.

24        Defendant argues its entitlement to attorney's fees under 28

25   U.S.C. § 1927 and the court's inherent power to sanction.  But an

26   award of attorney's fees under § 1927 requires a judicial finding that

27   _____

28        *    This matter was determined to be suitable for decision without
     oral argument.  L.R. 78-230(h).

                                    1

Plaintiff acted in bad faith, which has not been shown.  Further, Defendant has not shown that use of the Court's inherent authority is appropriate where other rules and statutes address the attorney's fees award Defendant seeks.  Therefore, Defendant's motion for attorney's fees on these grounds is denied.

Defendant also argues its entitlement to attorney's fees under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973.  Attorney's fees should only be awarded to a prevailing defendant in an ADA or Rehabilitation Act action "under exceptional circumstances, upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035, 1037 (E.D. Cal. 2004) (citing Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997)); see also Bercovitch v. Baldwin Sch., Inc., 191 F.3d 8, 10 (1st Cir. 1999) (indicating that the standard for awarding attorney's fees under the Rehabilitation Act is the same as the ADA standard).  An action is frivolous if it lacks an arguable basis in law or fact. Peters, 320 F. Supp. 2d at 1037.

Defendant contends that two of Plaintiff's claims were frivolous; specifically, the claim that Defendant provided inadequate parking spaces and the claim that Defendant's x-ray imaging table was too tall.  (Def.'s Mot. for Atty's Fees ("Mot.") at 13:4-14:8.) Defendant does not contend that all of Plaintiff's claims were frivolous, and fails to explain why fees should be awarded in this situation. Cf. Peters, 320 F. Supp. 2d at 1040 ("[T]he court recognizes that [attorney's fees] awards [under the ADA] will rarely be appropriate where plaintiff has asserted significant meritorious claims.").

1        Defendant further contends that approximately four months

2 after Plaintiff filed his Complaint, Defendant "agreed to give []

3 [P]laintiff everything he asked for with regards to injunctive

4 relief," and also offered Plaintiff sufficient monetary damages,

5 therefore Plaintiff's further litigation was frivolous.  (Mot. at

6 2:22-23.)  On June 28, 2006, Defendant's counsel wrote a letter to

7 Plaintiff's counsel offering to remedy the barriers to disabled access

8 that Plaintiff described in his Complaint, and to pay Plaintiff $6,200

9 for attorney's fees and damages.  (See Decl. of Catherine Corfee in

10 Supp. of Def.'s Mot. for Atty's Fees, Ex. A.)  The next day, Defendant

11 served Plaintiff with a formal Federal Rule of Civil Procedure 68

12 offer to settle that encompassed the same terms as the June 28 letter.

13 (See id., Ex. B.)  On July 10, 2006, Defendant served Plaintiff with

14 an "Unconditional Stipulation to Voluntarily Make Access Changes."

15 (See id., Ex. C.)  Plaintiff declined these offers and continued to

16 litigate his ADA claims for injunctive relief and state law claims for

17 damages.

18        Defendant argues Plaintiff's further litigation was

19 frivolous since Defendant's offers and sworn statement that ADA

20 changes were being made at the premises rendered Plaintiff's ADA

21 injunction claims moot, and Defendant had offered Plaintiff sufficient

22 monetary relief under California law.  (Mot. at 4:9-22.)

23        However, Plaintiff sought $4,000 in damages under

24 California's Unruh Civil Rights Act for each of his six visits to

25 Defendant's premises.  (Opp'n at 16:1-20.)  Defendant argues

26 Plaintiff's claim for $4,000 per visit was frivolous, since Gunther v.

27 Lin, 144 Cal. App. 4th 223 (2006), established that Plaintiff could

28 not recover under the Unruh Act unless Plaintiff could prove

intentional discrimination.  (Mot. at 4:9-22.)  However, Plaintiff cites contrary authority on which he relies for the proposition that he was not required to establish intentional discrimination.  (Opp'n at 16 (citing <u>Lentini v. Cal. Ctr. for the Arts</u>, 370 F.3d 837, 847 (9th Cir. 2004) and <u>Wilson v. Haria & Gogri Corp.</u>, 479 F. Supp. 2d 1127, 1136, 1141 (E.D. Cal. 2007)).)  Plaintiff's authority shows that his position on damages was not frivolous.  <u>See Lopez v. Del Taco Restaurant Properties, II</u>, 2007 WL 1852113, at *1 (9th Cir. June 27, 2007) (stating even where the defendant "had offered to remedy the alleged ADA violations," the defendant has not shown it was frivolous for the plaintiff to continue pursuing the state damages claim).  Accordingly, Defendant has not shown it is entitled to attorney's fees under the ADA or the Rehabilitation Act.

        For the foregoing reasons, Defendant's motion for attorney's fees is denied.

        IT IS SO ORDERED.

Dated:  March 10, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge